UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY,

AMERICAN CIVIL LIBERTIES UNION,

                     *Plaintiffs,*

        - v. -

DEPARTMENT OF STATE,

DEPARTMENT OF JUSTICE, OFFICE OF
INFORMATION POLICY,

CENTRAL INTELLIGENCE AGENCY,

NATIONAL SECURITY AGENCY,

FEDERAL BUREAU OF INVESTIGATION,

OFFICE OF THE DIRECTOR OF NATIONAL
INTELLIGENCE,

DEPARTMENT OF THE AIR FORCE,

DEPARTMENT OF THE ARMY,

DEPARTMENT OF THE NAVY,

                     *Defendants.*

Case No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF

### Nature of the Action

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief.

2. Plaintiffs Knight First Amendment Institute at Columbia University ("Knight Institute") and the American Civil Liberties Union ("ACLU") seek the immediate release of records relating to the current Administration's conduct of prepublication review. Specifically, the FOIA requests at issue seek records relating to the Administration's vetting of publications, including those by its most senior former officials, that concern some of the Administration's signature policies or undertakings. These publications and others like them will help shape public opinion in the lead up to the upcoming presidential election, and there is increasing public concern that the Administration has leveraged the prepublication-review process to suppress or delay critical voices and to favor sympathetic ones. The records Plaintiffs seek will shed light on whether there has been any such abuse of the review process, and so it is critical that the public has timely access to them. Yet the requests, which have been pending for months, remain outstanding, in violation of FOIA.

3. The government's prepublication-review system requires current and former government employees to submit certain materials for review before public release. Although prepublication review was originally intended to prevent the disclosure of classified information, over the past several decades, prepublication-review requirements and processes have grown increasingly burdensome. Congressional concern about the prepublication-review system has grown in recent years. *See, e.g.*, 115 Cong. Rec. H3300 (daily ed. May 3, 2017) (statement of Rep. Nunes); 115 Cong. Rec. S2750 (daily ed. May 4, 2017) (statement of Sen. Burr).

4.      The FOIA requests at issue in this suit concern the current Administration's operation of the prepublication-review process. The majority of the individuals listed in the FOIA requests served as senior members in the current Administration, and thus had unique involvement in, and insight into, federal government activities that are of intense public interest and at the core of the imminent 2020 election. As the Supreme Court has recognized, government employees are the members of society "most likely to have informed and definitive opinions" about the operations of the government, and it is therefore "essential that they be able to speak out freely" about government processes. *Pickering* v. *Bd. of Educ. of Twp. High Sch. Dist. 205*, 391 U.S. 563, 572 (1968). Since courts have recognized that prepublication review can operate as a prior restraint on government employees' speech, *see United States* v. *Marchetti*, 466 F.2d 1309, 1317 (4th Cir. 1972), any abuse of the review process raises significant First Amendment concerns. In the current political environment—where any such abuse has the potential to influence public knowledge and discourse about governmental operations with a presidential election only months away—understanding the review process is an even greater matter of urgent public interest implicating both the integrity of government processes and the public's confidence in federal officials.

5.      Recent examples of the prepublication-review process raise particular concerns. Most recently, the current Administration is alleged to have used prepublication review to seek to delay the publication of former National Security Advisor John Bolton's memoir. The press reported that President Trump directed his staff to prevent the publication of the book prior to the presidential election, and the review process that then followed was an unusual and lengthy one, ultimately involving some of the Administration's most senior officials.[1] As set out in a

---

[1] Chuck Cooper, *The White House vs. John Bolton*, WALL ST. J. (June 10, 2020), https://www.wsj.com/articles/the-white-house-vs-john-bolton-11591813953; Michael S. Schmidt and Maggie Haberman, *White House Tells Bolton*

government action filed last week that unsuccessfully sought to block the book's publication, the official at the National Security Council normally responsible for the prepublication process engaged in a months-long review, ultimately concluding that, with agreed-upon changes, there was no classified information in the book. But *after* that determination was made, the book was then subjected—at the direction of Mr. Bolton's successor, a political appointee—to a *second* round of review, which the government asserted was necessary "because the same Administration that the author served in is still in office and [because] the manuscript described sensitive information about ongoing foreign policy issues." That second review purportedly identified classified information. *United States* v. *Bolton*, Complaint ¶¶ 46, 51, 20-cv-01580 (D.D.C. filed June 16, 2020).

6. This is not the first time concerns have been publicly raised about the current Administration's handling of prepublication review. In 2018, Andrew McCabe, the former acting director of the FBI whom President Trump criticized for his role in the investigation of Russian election interference, said in a statement that the FBI's prepublication-review process had "taken far longer than they led [him] to believe it would," delaying publication of his book—which was critical of the Trump Administration—by several months.[2]

7. Other former officials from the Trump Administration, both supporters and critics, including Matthew Whitaker, former acting Attorney General, and H.R. McMaster,

---

*His Book Still Contains Classified Information*, N.Y Times (Jun. 10, 2020), https://www.nytimes.com/2020/06/10/us/politics/trump-john-bolton-book.html; Josh Dawsey, Tom Hamburger and Carol D. Leonnig, *Trump Wants to Block Bolton's Book, Claiming Most Conversations Are Classified*, Wash. Post (Feb. 21, 2020), https://www.washingtonpost.com/politics/trump-wants-to-block-boltons-book-claiming-all-conversations-are-classified/2020/02/21/6a4f4b34-54d1-11ea-9e47-59804be1dcfb_story.html (reporting that President Trump has told staff that "We're going to try and block publication of the book. . . . After I leave office, he can do this. But not in the White House."); *see also* Eric Lutz, *The White House Is Trying to Throttle John Bolton's Book*, Vanity Fair (Jan. 29, 2020), https://www.vanityfair.com/news/2020/01/white-house-trump-trying-to-throttle-john-bolton-book.
[2] Chris Mills Rodrigo, *McCabe Concerned About 'Unfair Treatment' After Book Release Delayed by FBI*, Hill (Oct. 11, 2018), https://thehill.com/blogs/blog-briefing-room/news/410964-mccabe-concerned-about-unfair-treatment-after-book-delayed-over.

former National Security Advisor, have books scheduled for publication this year that will likewise be subjected to the prepublication-review process. These officials served in senior positions in the Administration and played a significant role in Administration policies, including, for example, the investigation into Russian interference in the 2016 election and the Administration's dealings with the government of Ukraine that were the focus of the impeachment trial.[3]

8. Former officials of the Obama Administration, too, have recently released or plan to release books related to the current Administration, all subject to prepublication review. For example, in 2018, Michael Hayden, the former CIA Director, published a book criticizing President Trump's treatment of the intelligence community. John Brennan, another former CIA Director who has been a critic of the Trump Administration and whose security clearance was revoked, is also publishing a book this year.

9. Plaintiffs submitted the FOIA requests at issue to understand how the current Administration has been implementing the prepublication-review process, including with regard to the books identified above. To date, however, no records have been produced, no determination has been made as to whether they will be produced, and expedited processing has been denied—all in violation of FOIA and related regulations. The requested records will help the public to evaluate whether the Administration has strategically deployed prepublication review to amplify favorable speech and suppress critical speech. It is crucial that the electorate can make such a determination prior to the November 2020 election so it can assess whether the

---

[3] *See, e.g.*, Associated Press, *In Fiery Face-off, Matthew Whitaker Says He Has Not Meddled in Russia Inquiry*, GUARDIAN (Feb. 8, 2019), https://www.theguardian.com/us-news/2019/feb/08/matthew-whitaker-mueller-investigation-house-hearing-trump; Sharon LaFraniere & Katie Benner, *Mueller Investigation Nearing Its End, Whitaker Says*, N.Y. TIMES (Jan. 28, 2019), https://www.nytimes.com/2019/01/28/us/politics/mueller-investigation-whitaker.html; David E. Sanger, *Trump's National Security Chief Calls Russian Interference 'Incontrovertible'*, N.Y. TIMES (Feb. 17, 2018), https://www.nytimes.com/2018/02/17/world/europe/russia-meddling-mcmaster.html.

information cleared by the Administration is accurate or whether it reflects an improperly censored account of the Administration's activities.

## Jurisdiction and Venue

10.     This Court has both subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11.     Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

12.     Plaintiff Knight First Amendment Institute at Columbia University is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through research, public education, and strategic litigation in service of those aims.  Public education is one of the essential missions of the Knight Institute. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities of the Knight Institute. The Knight Institute routinely publishes on its website information obtained through its FOIA requests.  The Knight Institute is a "person" within the meaning of 5 U.S.C. § 551(2).

13.     Plaintiff American Civil Liberties Union is a nationwide, nonprofit, nonpartisan 26 U.S.C. § 501(c)(4) membership organization dedicated to the constitutional principles of liberty and equality.  The ACLU is committed to ensuring that the American government acts in compliance with the Constitution and the law.  It is also committed to principles of accountability and transparency in government, and it seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties.  Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public (in both its raw and analyzed forms) is a critical and

substantial component of the ACLU's work and one of its primary activities. The ACLU publishes regular updates and alerts via email to over 3.9 million subscribers (both ACLU members and non-members). These updates are additionally broadcast to 4.8 million social media followers. The ACLU is a "person" within the meaning of 5 U.S.C. § 551(2).

14.     Defendants Central Intelligence Agency ("CIA"), Department of Justice ("DOJ"), Department of State ("DOS"), National Security Agency ("NSA"), and Office of the Director of National Intelligence ("ODNI") are agencies within the meaning of 5 U.S.C. § 552(f)(1). The Army, the Air Force, and the Navy are components of the Department of Defense ("DOD"). The Federal Bureau of Investigation ("FBI") and the Office of Information Policy ("DOJ OIP") are components of the DOJ.

## Factual Allegations

### A. The FOIA Request

15.     This Complaint stems from the FOIA requests that Plaintiffs submitted on January 27, 2020 ("Request") to the CIA, the FBI, the DOJ (including the DOJ OIP and Judicial Management Division, "JMD"), the DOS, components of DOD (the Army, the Navy, and the Air Force), and the ODNI. *See* Attachment A.

16.     As set forth in the Request, which is incorporated by reference, Plaintiffs sought the following records as they pertained to certain individuals listed in the request:

1. all correspondence between the government and any of the individuals listed below relating to the prepublication review or publication of the material listed below;

2. all inter- and intra-agency correspondence relating to the prepublication review or publication of material by any of the individuals listed below; and

3. all records reflecting decisions—interim, final, and after appeal—related to the prepublication review of the material published by any of the individuals listed below.

The individuals listed in the Request are: Elliot Ackerman, Nada Bakos, John Bolton, John Brennan, Josh Campbell, Ash Carter, James Clapper, Amaryllis Fox, Robert Gates, Mike German, Nikki Haley, Michael Hayden, Mary Jennings Hegar, John Kerry, Chelsea Manning, James N. Mattis, Andrew McCabe, K.T. McFarland, H.R. McMaster, Robert O'Neill, Samantha Power, Susan Rice, Sean Spicer, Matthew Whitaker, and John Yoo. Plaintiffs requested that the agencies prioritize the processing of records related to certain publications and television appearances by these individuals, as enumerated in the request. Many of the books are being published by leading publishing houses based in New York City, such as Simon & Schuster, HarperCollins, and Penguin Random House.

17.  Plaintiffs also sought expedited processing given the "compelling need" for the records, as defined in 5 U.S.C. § 552(a)(6)(E)(v)(II), and the fact that Plaintiffs are organizations "primarily engaged in disseminating information" who urgently seek to inform the public about actual or alleged federal government activity. *Id.*

18.  Plaintiffs sought a waiver of document search, review, and duplication fees on the grounds that the disclosure of the requested records is in the public interest and that disclosure is "likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

19.  Plaintiffs also requested a waiver of search and review fees on the ground that they are "representative[s] of the news media" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii)(II).

20. In addition, the Knight Institute requested a waiver of search and review fees because it is an "educational . . . institution" whose purpose includes "scholarly . . . research," within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii)(II).

21. Between 2016 and 2018, Plaintiffs have filed four FOIA requests and two related lawsuits seeking records related to prepublication review. *See ACLU* v. *CIA*, No. 1:16-cv-1256-EGS (D.D.C. filed June 21, 2016); *Knight Institute* v. *DOD*, No. 1:18-cv-1129 (D.D.C. filed May 11, 2018). These FOIA requests, which are still being litigated, have led to the release of thousands of pages of documents related to prepublication review, which shed light on the hurdles faced by former government employees in publishing books or engaging in other speech regarding their government service. The Knight Institute has published the documents obtained through these searches on its website at https://knightcolumbia.org/cases/knight-institute-v-dod. Based on documents produced in response to these other FOIA requests, Plaintiffs believe that Defendants have responsive documents to the Request here, including documents that may reveal improper prepublication review. There is a compelling need to inform the public of any such impropriety.

22. While all of these FOIA requests and cases focus on obtaining and disseminating background and historical information about the prepublication system or on reforming the system going forward, Plaintiffs' case here is separate and distinct in that the Request focuses on how the system has worked, in practice, with respect to a very specific set of publications and appearances during the current Administration, primarily by individuals who served in this Administration.

### B. Agency Responses to the FOIA Request

DOS

23. On January 31, 2020, DOS acknowledged receipt of the Request on January 27, 2020, and assigned it the reference code F-2020-03388. DOS deferred consideration of the request for a full fee waiver and also denied the request for expedited processing, stating that Plaintiffs failed to meet the standard for "compelling need" that: "(1) failure to obtain the requested information on an expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (2) the information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged federal government activity; or (3) failure to release the information would impair substantial due process rights or harm substantial humanitarian interests." *See* 22 C.F.R. § 171.11(f).

24. On February 29, 2020, Plaintiffs submitted an appeal of DOS's denial of expedited processing, which is incorporated by reference. *See* Attachment B (electronic copy of letter as sent). In this appeal, Plaintiffs only requested reconsideration of expedited processing as it relates to a subset of individuals and published or forthcoming books, mostly written by former Trump Administration officials. The subset of authors is: John Bolton, John Brennan, Josh Campbell, Michael Hayden, Andrew McCabe, K.T. McFarland, H.R. McMaster, Sean Spicer, and Matthew Whitaker.

25. On April 16, 2020, DOS sent a letter denying Plaintiffs' appeal. DOS indicated that according to a "preliminary search," it only has records on H.R. McMaster's book, *Battlegrounds*. The letter further states that Plaintiffs do not meet the "compelling need" standard of 22 C.F.R. 171.11(f).

26. To date, the DOS has not produced any responsive records.

DOJ OIP

27.    On January 30, 2020, DOJ OIP acknowledged receipt of the Request. DOJ OIP stated that their office received the Request on January 28, 2020, and assigned it the reference code F-2020-00035. In this communication, DOJ OIP asked for clarification as to which of the DOJ's offices and date ranges were sought under the FOIA request. On January 31, 2020, Plaintiffs responded that they were seeking records of the Offices of the Attorney General and Deputy Attorney General pertaining to prepublication review or publication of (1) former Acting Attorney General Matthew Whitaker, dating from January 1, 2019, and (2) former Assistant Attorney General John Yoo, dating from December 1, 2016. DOJ OIP confirmed receipt of this request on February 4, 2020.[4]

28.    On February 7, 2020, DOJ OIP denied the request for expedited processing, stating that based on the information provided, Plaintiffs failed to meet the standard of expedited processing for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." *See* 28 C.F.R. § 16.5(e)(1)(ii).

29.    On March 2, 2020, Plaintiffs submitted an appeal of DOJ OIP's denial for expedited processing, which is incorporated by reference. *See* Attachment C (electronic copy of letter as sent). In this appeal, Plaintiffs only requested reconsideration of expedited processing as it relates to a subset of individuals and previously published or forthcoming books, mostly written by former Trump Administration officials. The subset of authors is:

---

[4] Plaintiffs also submitted the Request to DOJ's JMD on January 27, 2020. On January 31, 2020, DOJ JMD acknowledged receipt of the FOIA request received by their office dated January 27, 2020, and assigned it the code #123247. In this communication, DOJ JMD stated it was still reviewing the claim for expedited processing. On February 10, 2020, Plaintiffs received a letter from DOJ JMD stating that it is not involved in DOJ's prepublication review process and therefore did not have any responsive records.

John Bolton, John Brennan, Josh Campbell, Michael Hayden, Andrew McCabe, K.T. McFarland, H.R. McMaster, Sean Spicer, and Matthew Whitaker.

30. On March 4, 2020, DOJ OIP sent a letter acknowledging receipt of the FOIA appeal of DOJ OIP's denial of expedited processing and assigned it the reference code A-2020-00359. DOJ OIP also sent a letter acknowledging the appeal of the FBI's constructive denial of expedited processing and assigned it the reference code A-2020-00360.

31. On March 27, 2020, DOJ OIP sent a letter denying Plaintiffs' appeal of DOJ OIP's denial of expedited processing. DOJ OIP claimed that Plaintiffs have not demonstrated that they are "'primarily engaged' in disseminating information" and therefore cannot show that there is an "urgency to inform the public" of the contents of the documents sought under 28 C.F.R. 16.5(e)(1)(ii). This contention was not raised in the initial denial of expedited processing. The letter otherwise did not reach all arguments raised in the appeal.

32. To date, DOJ OIP has not produced any responsive records.

<u>CIA</u>

33. On February 5, 2020, the CIA's Office of Information and Privacy Coordinator acknowledged receipt of the Request. The office noted the Request was received by their office on January 31, 2020, and assigned it the reference code F-2020-00808.

34. In this communication, the CIA denied Plaintiffs' request for expedited processing, stating that the request does not involve an imminent threat to the life or physical safety of an individual, nor is it made "by a person primarily engaged in disseminating information, and the information is relevant to a subject of public urgency concerning an actual or alleged or Federal activity." *See* 32 C.F.R. § 1900.34.

35. On March 2, 2020, Plaintiffs submitted an appeal of the CIA's denial for expedited processing, which is incorporated by reference. *See* Attachment D (electronic copy of letter as sent). In this appeal, Plaintiffs only requested reconsideration of expedited processing as it relates to a subset of individuals and previously published or forthcoming books, mostly written by former Trump Administration officials. The subset of authors is: John Bolton, John Brennan, Josh Campbell, Michael Hayden, Andrew McCabe, K.T. McFarland, H.R. McMaster, Sean Spicer, and Matthew Whitaker.

36. To date, the CIA has neither communicated further with Plaintiffs nor produced any responsive records. The CIA has also not provided any acknowledgement of the filed appeal or provided any substantive response to the merits of the appeal.

## NSA

37. On February 6, 2020, the NSA's FOIA/PA Office acknowledged receipt of the Request. The office noted that it received the Request on January 30, 2020, and assigned it the reference case number 109119.

38. In this communication, the NSA denied Plaintiffs' request for expedited processing. The NSA deferred addressing Plaintiffs' request for fee waiver.

39. On March 2, 2020, Plaintiffs submitted an appeal of the NSA's denial for expedited processing, which is incorporated by reference. *See* Attachment E (electronic copy of letter as sent). In this appeal, Plaintiffs only requested reconsideration of expedited processing as it relates to a subset of individuals and previously published or forthcoming books, mostly written by former Trump Administration officials. The subset of authors is: John Bolton, John Brennan, Josh Campbell, Michael Hayden, Andrew McCabe, K.T. McFarland, H.R. McMaster, Sean Spicer, and Matthew Whitaker.

40. On March 12, 2020, the Freedom of Information/Privacy Act Appeal Authority at the NSA denied Plaintiffs' appeal regarding expedited processing, stating that there was insufficient evidence to show compelling need because there was no evidence that any particular value associated with the requested material would be lost if the requested records were not processed on an expedited timetable. No basis for that assertion or any other justification for rejection of the appeal was offered.

41. To date, the NSA has not produced any responsive records.

## FBI

42. To date, the FBI has not responded to the request or produced any responsive records.

43. On March 2, 2020, Plaintiffs submitted an appeal to the DOJ OIP of the FBI's constructive denial for expedited processing, which is incorporated by reference. *See* Attachment C (electronic copy of letter as sent). In this appeal, Plaintiffs only requested reconsideration of expedited processing as it relates to a subset of individuals and previously published or forthcoming books, mostly written by former Trump Administration officials. The subset of authors is: John Bolton, John Brennan, Josh Campbell, Michael Hayden, Andrew McCabe, K.T. McFarland, H.R. McMaster, Sean Spicer, and Matthew Whitaker.

44. On March 4, 2020, DOJ OIP sent a letter acknowledging receipt of the FOIA appeal of the FBI's denial of expedited processing and assigned it the reference code A-2020-00360.

45. On April 16, 2020, DOJ OIP sent a letter indicating that the FBI responded to Plaintiffs' request for expedited processing by letter dated February 10, 2020, and accordingly, Plaintiffs' appeal from the FBI's failure to respond to the request for expedited processing is moot. Plaintiffs have no record of the February 10, 2020 letter from the FBI.

14

46. On April 20, 2020, Plaintiffs sent a letter to DOJ OIP requesting the February 10, 2020 letter.

47. To date, Plaintiffs have not received the letter the FBI purportedly sent on or around February 10, 2020, nor have any responsive records been produced.

### ODNI

48. To date, ODNI has not acknowledged Plaintiffs' request nor produced any responsive records.

49. On March 2, 2020, Plaintiffs submitted an appeal of ODNI's constructive denial for expedited processing, which is incorporated by reference. *See* Attachment F (electronic copy of letter as sent). In this appeal, Plaintiffs only requested reconsideration of expedited processing as it relates to a subset of individuals and previously published or forthcoming books, mostly written by former Trump Administration officials. The subset of authors is: John Bolton, John Brennan, Josh Campbell, Michael Hayden, Andrew McCabe, K.T. McFarland, H.R. McMaster, Sean Spicer, and Matthew Whitaker.

50. ODNI has not yet provided any acknowledgement of the filed appeal or provided any substantive response to the merits of the appeal.

### Army

51. On March 2, 2020, the Department of the Army acknowledged receipt of the FOIA request on January 27, 2020, and assigned it the reference code FA-20-1040/FP-20-009883. The Army did not respond to the Plaintiffs' request for expedited processing or fee waiver, but instead stated that the request had been referred to the Office of the Chief of Public Affairs for further processing and response.

52. To date, the Army has neither communicated further with Plaintiffs nor produced any responsive records.

### Navy

53. To date, the Department of the Navy has not acknowledged Plaintiffs' request nor produced any responsive records.

### Air Force

54. To date, the Department of the Air Force has not acknowledged Plaintiffs' request nor produced any responsive records.

### **Causes of Action**

55. Defendants CIA, NSA, FBI, DOJ OIP, DOS, Army, Navy, Air Force, and ODNI have violated:

- 5 U.S.C. § 552(a)(6)(E), and the Defendants' corresponding regulations, by failing to grant Plaintiffs' request for expedited processing;

- 5 U.S.C. § 552(a)(3)(A), and the Defendants' corresponding regulations, by failing to promptly make available the records sought by Request;

- 5 U.S.C. § 552(a)(4)(A)(iii), and the Defendants' corresponding regulations, by failing to grant Plaintiffs' request for a fee waiver; and

- 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' corresponding regulations, by failing to grant Plaintiffs' request for a limitation of fees.

### **Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Order Defendants to grant expedited processing of Plaintiffs' FOIA request, in particular for records related to the subset of authors and publications identified in administrative appeals filed with DOS, DOJ, CIA, NSA, and ODNI;

2. Order Defendants to conduct a thorough and timely search for all records responsive to the FOIA Request;

3. Order Defendants to immediately process and release any responsive records or justify their withholdings with reference to FOIA exemptions;

4. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees in connection with the request;

5. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

6. Grant such other relief as the Court may deem just and proper.

Dated: New York, New York
       June 26, 2020

WACHTELL, LIPTON, ROSEN & KATZ

By: _____

Jonathan M. Moses (JM-9049)
Claire E. Addis
Daniel J. Brenner
51 West 52nd St.
New York, NY 10019
Telephone: 212.403.1000
Fax: 212.403.2000
JMMoses@wlrk.com
CEAddis@wlrk.com
DJBrenner@wlrk.com

*Attorneys for Knight First Amendment Institute at Columbia University and the American Civil Liberties Union*