AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
By:   SARAH S. NORMAND
        Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2709
Sarah.Normand@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
............................................................x

KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY *et al.*,

                              Plaintiffs,

           v.

DEPARTMENT OF STATE *et al.*,

                            Defendants.

..................................................................x

20 Civ. 4911 (JGK)

**ANSWER**

       Defendants the Department of State ("State"), the Department of Justice's Office of

Information Policy ("OIP"), the Central Intelligence Agency ("CIA"), the National Security

Agency ("NSA"), the Office of the Director of National Intelligence ("ODNI"), the Federal

Bureau of Investigation ("FBI"), the Department of the Army ("Army"), the Department of the

Navy ("Navy") and the Department of the Air Force ("Air Force") (collectively, "defendants"),

by their attorney, answer the complaint upon information and belief as follows:

       1.      The allegations in paragraph 1 constitute a characterization of this action, to

which no response is required.   To the extent a response is deemed required, deny that plaintiffs

are entitled to any relief.

       2.      The allegations in paragraph 2 constitute characterizations of a Freedom of

Information Act request submitted by plaintiffs to defendants (the "FOIA request"), the records

sought in the FOIA request, and the relief sought in this action, to which no response is required. To the extent a response is deemed required, deny plaintiffs' characterizations as vague and argumentative, deny that defendants have violated FOIA and deny that plaintiffs are entitled to any relief, and respectfully refer the Court to the FOIA request for a true and complete statement of its contents.

3.      The allegations in paragraph 3 constitute characterizations of "the government's prepublication review system," and of statements by two members of Congress, which are immaterial to this FOIA action and to which no response is required.   To the extent a response is deemed required, deny plaintiffs' characterizations as vague and argumentative, admit that some government agencies have procedures for prepublication review, and respectfully refer the Court to the cited statements for a true and complete statement of their contents.

4.      The allegations in paragraph 4 constitute characterizations of the FOIA request, the individuals identified in the FOIA request, case law, "the current political environment," and the asserted public interest in the records sought in the FOIA request, which are immaterial to this FOIA action and to which no response is required.   To the extent a response is deemed required, deny plaintiffs' characterizations as vague and argumentative, and respectfully refer the Court to the FOIA request and the cited case law for a true and complete statement of their contents.

5.      Deny the first sentence in paragraph 5.   The remaining allegations in paragraph 5 constitute characterizations of a lawsuit filed in another district and press reporting, which are immaterial to this FOIA action and to which no response is required.   To the extent a response is deemed required, deny plaintiffs' characterizations as vague and argumentative, and

2

respectfully refer the Court to the cited complaint and press reports for a true and complete statement of their contents.

6.      The allegations in paragraph 6 constitute characterizations of an alleged statement by former FBI Acting Director Andrew McCabe, citing a press report, which are immaterial to this FOIA action and to which no response is required.    The Court is respectfully referred to the cited statement and press report for a true and complete statement of their contents.

7.      The allegations in paragraph 7 constitute characterizations of certain individuals alleged to have forthcoming publications, and their former roles within the government, citing press reports, which are immaterial to this FOIA action and to which no response is required. The Court is respectfully referred to the cited press reports for a true and complete statement of their contents.

8.      The allegations in paragraph 8 constitute characterizations of previous or forthcoming publications by certain individuals, which are immaterial to this FOIA action and to which no response is required.    The Court is respectfully referred to the cited publication by General Hayden for a true and complete statement of its contents.

9.      Deny knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 9 concerning plaintiffs' motivations for filing the FOIA request. Deny the allegations in the second sentence of paragraph 9, except admit that defendants have not yet produced records in response to the FOIA request, and State, OIP, CIA, NSA, FBI, and ODNI have denied expedited processing of the FOIA request.   The allegations in the third and fourth sentences of paragraph 9 constitute characterizations of the records requested in the FOIA request and the asserted public interest in such records, which are immaterial and to which no response is required.

10.     The allegations in paragraph 10 constitute legal conclusions as to jurisdiction, to which no response is required.

11.     The allegations in paragraph 11 constitute legal conclusions as to venue, to which no response is required.

12.     The last sentence of paragraph 12 constitutes a legal conclusion, to which no response is required.   Deny knowledge or information sufficient to admit or deny the remaining allegations in paragraph 12.

13.     The last sentence of paragraph 13 constitutes a legal conclusion, to which no response is required.   Deny knowledge or information sufficient to admit or deny the remaining allegations in paragraph 13.

14.     The allegations in the first sentence of paragraph 14 are legal conclusions to which no response is required.   Admit the allegations in the second and third sentences of paragraph 14.

15.     Admit that plaintiffs submitted the FOIA request to CIA, ODNI, State, FBI, OIP, the Department of Justice's Justice Management Division ("JMD"), and Army on or about January 27, 2020.   Deny knowledge or information sufficient to admit or deny the allegations in paragraph 15 as to Navy or Air Force, and aver that Navy and Air Force have no record of receiving the FOIA request on or about January 27, 2020, or at any time prior to the filing of the complaint in this action.

16.     Deny knowledge or information sufficient to admit or deny the allegations in the last sentence of paragraph 16.   The remaining allegations in paragraph 16 constitute a characterization of the FOIA request, to which no response is required.    Defendants respectfully refer the Court to the FOIA request for a true and complete statement of its contents.

4

17.     Admit that plaintiffs requested expedited processing of the FOIA request, and respectfully refer the Court to the FOIA request for a true and complete statement of its contents.

18.     Admit that plaintiffs sought a waiver of fees, and respectfully refer the Court to the FOIA request for a true and complete statement of its contents.

19.     Admit that plaintiffs sought a waiver of fees, and respectfully refer the Court to the FOIA request for a true and complete statement of its contents.

20.     Admit that plaintiffs sought a waiver of fees, and respectfully refer the Court to the FOIA request for a true and complete statement of its contents.

21.     Admit that plaintiffs have filed prior FOIA requests and litigation, and respectfully refer the Court to the cited docket entries for a true and complete statement of the complaints filed and the FOIA requests at issue in those matters.   Admit that some defendants have produced records in response to previous FOIA requests filed by plaintiffs, and respectfully refer the Court to those records for a true and complete statement of their contents.   The remaining allegations in the second sentence of paragraph 21 constitute characterizations of unspecified records produced in response to previous FOIA requests, which are immaterial to this action and to which no response is required.   Deny knowledge or information sufficient to admit or deny the allegations of the third sentence of paragraph 21.   The allegations in the fourth and fifth sentences of paragraph 21 constitute characterizations of plaintiffs' beliefs about unspecified records that may be responsive to the FOIA request, to which no response is required.   To the extent a response is deemed required, deny plaintiffs' allegations as vague and argumentative.

22.     The allegations in paragraph 22 constitute a characterization of the FOIA requests in this case and in prior cases filed by plaintiffs, to which no response is required.   Defendants

respectfully refer the Court to the cited FOIA requests for a true and complete statement of their contents.

23.     Admit that, by email dated January 31, 2020, State acknowledged receipt of the FOIA request and denied plaintiffs' request for expedited processing.   The remaining allegations in paragraph 23 constitute a characterization of State's January 31 email, to which no response is required.   Defendants respectfully refer the Court to the cited email for a true and complete statement of its contents.

24.     Admit that, by letter dated February 29, 2020, plaintiffs submitted an administrative appeal of State's denial of expedited processing.   The remaining allegations in paragraph 24 constitute a characterization of plaintiffs' February 29 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

25.     Admit that, by letter dated April 16, 2020, State denied plaintiffs' administrative appeal.   The remaining allegations in paragraph 25 constitute a characterization of State's April 16 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

26.     Admit.

27.     Admit that, by email dated January 30, 2020, OIP acknowledged receipt and requested clarification of the FOIA request; that plaintiffs responded by email dated January 31, 2020; and that, by email dated February 4, 2020, OIP acknowledged plaintiffs' response and agreed to process the request as clarified.   The remaining allegations in paragraph 27 constitute a characterization of the cited emails, to which no response is required.   Defendants respectfully refer the Court to the cited emails for a true and complete statement of their contents.

In response to the allegations in footnote 4, which is appended to paragraph 27, admit that plaintiffs submitted the FOIA request to JMD on or about January 27, 2020, that JMD acknowledged receipt of the FOIA request by letter dated January 31, 2020, and that JMD responded to the FOIA request by letter dated February 10, 2020.   The remaining allegations in footnote 4 constitute characterizations of JMD's January 31 and February 10 letters, to which no response is required.   The Court is respectfully referred to the cited letters for a true and complete statement of their contents.

28.    Admit that, by letter dated February 7, 2020, OIP denied plaintiffs' request for expedited processing.   The remaining allegations in paragraph 28 constitute a characterization of OIP's February 7 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

29.    Admit that, by letter dated March 2, 2020, which was received by OIP on March 3, 2020, plaintiffs submitted an administrative appeal of OIP's denial of expedited processing. The remaining allegations in paragraph 29 constitute a characterization of plaintiffs' March 2 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

30.    Admit that, by letters dated March 4, 2020, OIP acknowledged plaintiffs' administrative appeals of the actions of OIP and FBI.   The remaining allegations in paragraph 30 constitute a characterization of OIP's March 4 letters, to which no response is required. Defendants respectfully refer the Court to the cited letters for a true and complete statement of their contents.

31.    Admit that, by letter sent on March 27, 2020, OIP affirmed the denial of expedited processing.   The remaining allegations in paragraph 31 constitute a characterization

of OIP's letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

32.     Admit.

33.     Admit that, by letter dated February 5, 2020, CIA acknowledged receipt of the FOIA request.   The remaining allegations in paragraph 33 constitute a characterization of CIA's February 5 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

34.     Admit that CIA denied plaintiffs' request for expedited processing in its February 5, 2020 letter.   The remaining allegations in paragraph 34 constitute a characterization of CIA's February 5 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

35.     Admit that, by letter dated March 2, 2020, plaintiffs submitted an administrative appeal of CIA's denial of expedited processing.   The remaining allegations in paragraph 35 constitute a characterization of plaintiffs' March 2 letter, to which no response is required. Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

36.     Admit that CIA has not sent further communications to plaintiffs or produced records in response to the FOIA request.

37.     Admit that, by letter dated February 6, 2020, NSA acknowledged receipt of the FOIA request.   The remaining allegations in paragraph 37 constitute a characterization of NSA's February 6 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

38.     Admit that NSA denied plaintiffs' request for expedited processing in its February 6, 2020 letter.   The remaining allegations in paragraph 38 constitute a characterization of NSA's February 6 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

39.     Admit that, by letter dated March 2, 2020, plaintiffs submitted an administrative appeal of NSA's denial of expedited processing.   The remaining allegations in paragraph 39 constitute a characterization of plaintiffs' March 2 letter, to which no response is required. Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

40.     Admit that, by letter dated March 12, 2020, NSA affirmed the denial of expedited processing.   The remaining allegations in paragraph 40 constitute a characterization of NSA's March 12 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

41.     Admit.

42.     Deny the allegation that FBI has not responded to the request, and aver that FBI acknowledged receipt of the FOIA request by letter dated February 13, 2020, and denied plaintiffs' request for expedited processing by letter dated February 10, 2020.   Admit that FBI has not produced records in response to the FOIA request.

43.     Admit that, by letter dated March 2, 2020, plaintiffs submitted an administrative appeal of what they described as FBI's constructive denial of expedited processing.   The remaining allegations in paragraph 43 constitute a characterization of plaintiffs' March 2 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

9

44.     Admit that, by letter dated March 4, 2020, OIP acknowledged receipt of plaintiffs' administrative appeal of the action of FBI.   The remaining allegations in paragraph 44 constitute a characterization of OIP's March 4 letter, to which no response is required. Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

45.     Admit that, by letter sent on April 16, 2020, OIP responded to plaintiffs' administrative appeal.   The remaining allegations in the first sentence of paragraph 45 constitute a characterization of OIP's letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents. Deny knowledge or information sufficient to admit or deny the allegations in the second sentence of paragraph 45.

46.     Admit, and aver that OIP received plaintiffs' April 20, 2020 letter on April 27, 2020.

47.     Admit that FBI has not produced records in response to the FOIA request.   Deny knowledge or information sufficient to admit or deny the remaining allegations in paragraph 47, except aver that OIP sent an email to plaintiffs' counsel on April 30, 2020, which responded to plaintiffs' April 20 letter and attached a copy of FBI's February 10 letter.

48.     Admit that ODNI has not sent any communications to plaintiffs or produced records in response to the FOIA request.

49.     Deny knowledge or information sufficient to admit or deny the allegations in paragraph 49, and aver that ODNI has no record of receiving plaintiffs' letter dated March 2, 2020.

50.     Admit that ODNI has not sent any communications to plaintiffs.

51.     Admit that, by letter dated March 2, 2020, Army acknowledged receipt of the FOIA request.   The remaining allegations in paragraph 51 constitute a characterization of Army's March 2 letter, to which no response is required.   Defendants respectfully refer the Court to the cited letter for a true and complete statement of its contents.

52.     Admit that Army has not sent further communications to plaintiffs or produced records in response to the FOIA request.

53.     Aver that the Navy has no record of receiving the FOIA request, and therefore admit the allegations in paragraph 53.

54.     Aver that Air Force has no record of receiving the FOIA request, and therefore admit the allegations in paragraph 54.

55.     Deny.

The remainder of the complaint contains a request for relief, to which no response is required.   To the extent a response is deemed required, defendants deny the allegations contained in the remainder of the complaint and state that plaintiffs are not entitled to the requested relief or any other relief.

<u>DEFENSES</u>

For further defenses, defendants allege as follows:

<u>FIRST DEFENSE</u>

Some or all of the requested records and information are exempt from disclosure, in whole or in part.   *See* 5 U.S.C. § 552(b).

<u>SECOND DEFENSE</u>

The Court lacks subject matter jurisdiction over plaintiffs' requests for relief that exceed the relief authorized under FOIA.

<u>THIRD DEFENSE</u>

Plaintiffs' FOIA request presents unusual circumstances, requiring additional time to respond.

<u>FOURTH DEFENSE</u>

Plaintiffs are not entitled to expedited processing of the FOIA request.

<u>FIFTH DEFENSE</u>

Plaintiffs are not entitled to a waiver of fees.

<u>SIXTH DEFENSE</u>

Navy and Air Force have no record of receiving plaintiffs' FOIA request.   Accordingly, plaintiffs have failed to exhaust their administrative remedies to the extent they seek records from Navy or Air Force.

<u>SEVENTH DEFENSE</u>

Plaintiffs are not entitled to attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

WHEREFORE, defendants are entitled to judgment dismissing plaintiffs' complaint with prejudice and granting such further relief as the Court deems just, including costs and disbursements.

Dated: July 31, 2020
     New York, New York

<div style="margin-left:40%">

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By:     _____/s/ *Sarah S. Normand*_____
     SARAH S. NORMAND
     Assistant United States Attorney
     86 Chambers Street, Third Floor
     New York, New York 10007
     Telephone:   (212) 637-2709
     Sarah.Normand@usdoj.gov

</div>