UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY *et al.*,

               Plaintiffs,

   v.                                      20 Civ. 4911 (JGK)

DEPARTMENT OF STATE *et al.*,

               Defendants.
------------------------------------------------------------x

## STIPULATION AND ORDER

WHEREAS Plaintiffs the Knight First Amendment Institute at Columbia University and the American Civil Liberties Union ("Plaintiffs") submitted a Freedom of Information Act ("FOIA") request to certain Defendants, including the Department of State ("State"), the Office of Information Policy of the Department of Justice ("OIP"), the Central Intelligence Agency ("CIA"), the National Security Agency ("NSA"), the Office of the Director of National Intelligence ("ODNI"), the Federal Bureau of Investigation ("FBI"), and the Department of the Army ("Army") (collectively, "Defendants") on or about January 27, 2020, seeking records relating to the prepublication review of certain identified publications or media appearances by 25 former government officials and requesting expedited processing of the FOIA request;

WHEREAS Defendants denied or constructively denied Plaintiffs' request for expedited processing of the FOIA request;

WHEREAS, in their appeal of certain Defendants' denial of their request for expedited processing, Plaintiffs narrowed their request for expedited processing to responsive records relating to certain identified publications (the "priority publications") by nine former government

officials: John Bolton, John Brennan, Josh Campbell, Michael Hayden, Andrew McCabe, K.T. McFarland, H.R. McMaster, Sean Spicer, and Matthew Whitaker (the "priority authors");

WHEREAS Plaintiffs filed this action on June 26, 2020, seeking to compel production of the records sought in their FOIA request;

WHEREAS the parties, through their respective counsel, have met and conferred by telephone on several occasions regarding the scope of Defendants' searches for records responsive to the FOIA request and a schedule for Defendants' to complete searches and commence processing of responsive records; and

WHEREAS Defendants' FOIA processing capabilities have been, and continue to be, significantly impacted by the COVID-19 public health emergency and COVID-19 related disruptions may impact the Defendants' ability to process records on any prescribed schedule;

IT IS HEREBY STIPULATED AND AGREED by Plaintiffs and Defendants that:

1. State will limit its search for records responsive to the FOIA request to unclassified and classified records maintained by the two custodians who supervise prepublication review for State. State has completed its search for responsive unclassified records and has identified approximately 7,500 pages of potentially responsive records, although that figure may include draft manuscripts, which Plaintiffs have agreed to exclude from the FOIA request, and duplicates. State will make its best efforts to complete State's processing of an initial group of responsive unclassified records per prioritization as agreed by the parties, and to produce any responsive, non-exempt records in that initial group that do not require referral to or consultation with other agencies, by October 22, 2020.

2. OIP conducted a search for records responsive to the FOIA request, as clarified and limited through discussions with Plaintiffs at the administrative level, and identified no

responsive records. Accordingly, the parties agree that all claims against OIP shall be dismissed with prejudice, and without fees or costs, pursuant to Fed. R. Civ. P. 41(a).

3. Army conducted a search for records responsive to the FOIA request and identified no responsive records. Accordingly, the parties agree that all claims against Army shall be dismissed with prejudice, and without fees or costs, pursuant to Fed. R. Civ. P. 41(a).

4. CIA will limit its search for responsive records relating to the nine priority authors to records maintained by the CIA's Prepublication Classification Review Board ("PCRB") office regarding the priority publications that were submitted or referred to PCRB for review. CIA has completed its search for responsive records relating to the priority publications, with the exception of email searches, and has identified approximately 300 pages of potentially responsive priority records to date. CIA is still in the process of searching for responsive email records regarding the priority publications. CIA will make its best efforts to complete CIA's processing of the responsive priority records identified to date, and to produce any responsive, non-exempt records in that group that do not require referral to or consultation with other agencies, by October 23, 2020.

5. NSA has completed its search for responsive records relating to the nine priority publications and has identified approximately 15 pages of potentially responsive records. NSA will make its best efforts to complete NSA's processing of these records, and produce any responsive, non-exempt records that do not require referral to or consultation with other agencies, by October 16, 2020.

6. ODNI has completed its search for records responsive to the FOIA request and has identified potentially responsive records. ODNI will make its best efforts to complete ODNI's processing of an initial group of responsive records, and to produce any responsive, non-

3

exempt records in that initial group that do not require referral to or consultation with other agencies, by October 29, 2020.

7.  FBI has completed its search for responsive records relating to the nine priority publications. FBI will make its best efforts to complete FBI's processing of an initial group of responsive records, and to produce any responsive, non-exempt records in that initial group that do not require referral to or consultation with other agencies or other DOJ components, by December 14, 2020. Thereafter, FBI will make its best efforts to process potentially responsive records at a rate of 500 pages per month, and to make productions of responsive, non-exempt records that do not require referral to or consultation with other agencies or other DOJ components on the 14th day of each month, or the first business day thereafter if the 14th day falls on a weekend or a holiday, to the extent this is reasonably feasible given the public health situation.

8.  Any agency that has claimed delay due to COVID-19-related disruptions shall promptly communicate to Plaintiffs and negotiate a revised timeline for production if work conditions materially change as a result of improvements or deterioration in the public health situation.

9.  The parties will continue to meet and confer on a schedule for the processing and production of non-exempt records responsive to Plaintiffs' FOIA request not addressed by the above agreements, including records related to authors not among the nine priority authors if not otherwise expressly addressed.

Dated: September 25, 2020
New York, New York

                    AUDREY STRAUSS
                    Acting United States Attorney for the
                    Southern District of New York

By:    /s/   Sarah S. Normand
      SARAH S. NORMAND
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Telephone: (212) 637-2709
      Sarah.Normand@usdoj.gov

WACHTELL, LIPTON, ROSEN & KATZ

By:    /s/   Jonathan M. Moses
      JONATHAN M. MOSES
      51 West 52nd St.
      New York, New York 10019
      Telephone: (212) 403-1000
      JMMoses@wlrk.com

SO ORDERED.

*[signature]*

Hon. John G. Koeltl, U.S.D.J.

9/28/20

*The parties will provide a status report by 12/4/20. So ordered.*

*[signature]* U.S.D.J.
9/28/20

5